## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

EARL A. PRICE, JR.,                         )   CASE NO.   4:18-cv-02966-JRK
                                            )
    Petitioner,                         )   JUDGE JAMES R. KNEPP II
                                            )
        v.                         )   MAGISTRATE JUDGE DAVID A. RUIZ
                                            )
JEFF NOBLE,                                 )
    Warden,                             )   **REPORT AND RECOMMENDATION**
                                            )
    Respondent.                         )


Petitioner, Earl A. Price, Jr., (Petitioner or Price), challenges the constitutionality of his conviction in the case of *State of Ohio v. Price*, Mahoning County Court of Common Pleas Case No. 2015-CR-0146. (R. 1, PageID # 1). Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Warden Jeff Noble (Respondent) filed an Answer/Return of Writ. (R. 7). Petitioner filed a Motion to Amend the Pleadings (R. 12), which Respondent did not oppose. Therefore, the court granted the motion and granted Respondent leave to file a supplemental answer/return of writ to address Petitioner's amended grounds for relief. (R. 14, PageID# 829). The court further granted Petitioner leave, "[i]f Respondent chooses to" file a supplemental answer/return of writ addressing Petitioner's amended grounds for relief, to file a reply/traverse. (R. 14, PageID# 829). Respondent filed a Supplement to the Return of

Writ. (R. 17). Petitioner subsequently filed a Writ with Amendments and Traverse to Respondent[']s Return of Writ and Supplemental Return of Writ. (R. 18).

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DENIED.

## I.       Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence."). The Ohio Seventh District Court of Appeals (state appellate court) summarized the facts underlying Prices's conviction as follows:

> On February 19, 2015, a Mahoning County Grand Jury indicted appellant on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(A)(F) that included both a firearm specification and a repeat violent offender specification, and one count of having a weapon while under a disability, a third-degree felony in violation of R.C. 2923.13(A)(2)(B). These charges stemmed from the shooting death of DeJuan Thomas. Appellant initially pleaded not guilty to the charges.
>
> Appellant retained counsel to represent him. Appellant engaged in pretrial negotiations with plaintiff-appellee, the State of Ohio, but the parties did not reach a plea deal during that time. The matter was ultimately set for trial on July 6, 2015.
>
> A pretrial was held on July 1, 2015, in preparation of the July 6 trial date. On July 7, which was the day the case was ultimately called for trial, appellant orally motioned for the court to remove his counsel. Appellant's counsel informed the court that appellant had "professional mistrust" in him. (Plea Tr. 6). Appellant told the court there was "pertinent evidence that needs to be further investigated that was overlooked" and he did not feel his counsel was "vested in my innocence right now." (Plea Tr. 8). Appellant told the court he believed it was in his best interest to retain other counsel. (Tr. Plea Tr. 8). The court overruled appellant's motion and was set to proceed with picking a jury.

After a further discussion with his counsel, appellant decided to accept the plea deal that had been previously offered by the state. Pursuant to the terms of the plea deal, the state reduced the aggravated murder charge to a voluntary manslaughter charge. This reduced the possible penalty appellant faced on that charge from life in prison to eleven years in prison. The firearm and repeat violent offender specifications and the having a weapon while under a disability charge were not altered.

Appellant entered a guilty plea to the amended indictment. The trial court accepted his plea and set the matter for a sentencing hearing. The court sentenced appellant to eleven years on the voluntary manslaughter count, three years on the repeat violent offender specification, three years on the firearm specification, and three years on the having weapons while under a disability count. The court ordered appellant to serve the sentences consecutively for a total of 20 years in prison.

(R. 7-1, Ex. 16[1], *State v. Price,* 2016-Ohio-8417, ¶¶2-6, 2016 WL 7626245 (Ohio Ct. App. Dec. 23, 2016).

## II. Procedural History

### A. Conviction[2]

On February 19, 2015, a Mahoning County Grand Jury issued an indictment charging Price with one count of Aggravated Murder (R.C. 2903.01(A)(F)) with a firearm specification and repeat violent offender specification and one count of Having Weapons While Under Disability (R.C. 2923.13(A)(2)(B)). (Ex. 1, Indictment). Price pled not guilty to the charges. (Ex. 2, Arraignment Judgment Entry). The matter proceeded to a jury trial on July 7, 2015. (Ex. 33, PageID# 479). Before *voir dire,* Price moved to remove his trial counsel. (Ex. 33, PageID# 483-85). The trial court overruled Price's motion and was prepared to proceed with *voir dire.* (Ex. 33, PageID# 489). After discussion with his counsel, Price accepted a plea offer and agreed to plead

---

[1]  All referenced exhibits are located at R. 7-1, unless otherwise stated.
[2]  Although the procedural history in section A largely restates the appellate court's factual summary, the court includes it herein to provide citation to the underlying records.

guilty to voluntary manslaughter with firearm and repeat violent offender specifications and a having weapons while under disability charge. (Ex. 33, PageID# 492). The trial court accepted Price's plea and found him guilty. (Ex. 5). On October 15, 2015, Price was sentenced to 11 years of incarceration for the voluntary manslaughter conviction with an additional three years on each specification and 36 months incarceration for having weapons while under disability. (Ex. 6). The trial judge ordered Price's sentences to run consecutively, for an aggregate term of 20 years imprisonment. (*Id.*).

**B.     Direct Appeal**

On November 13, 2015, Price, through counsel, appealed the October 15, 2015, Judgment to the state appellate court. (Ex. 7, Notice Appeal). Price's appellate brief set forth the following assignment of error:

1.   Trial court erred when it denied trial counsel's motion to withdraw so that Appellant could retain new counsel.

(Ex. 8). The State responded. (Ex. 9). Price retained new counsel in June 2016; and, on August 26, 2016, filed a supplement to his appellate brief. (Ex. 10, 11, 12, 13). Price's supplemental brief raised the following assignments of error:

2.   The trial court erred when it failed to make the requisite findings prior to the imposition of consecutive sentences.

3.   The trial court erred when it imposed sentence on the repeat violent offender specification without making the requisite findings pursuant to O.R.C. § 2929.14 (B)(2)(a).

(Ex. 13). The state appellate court affirmed the trial court's judgment, on December 23, 2016. (Ex. 16, *Price,* 2016-Ohio-8417).

**1.     Appeal to the Ohio Supreme Court**

On February 3, 2017, Price, through counsel, filed an appeal of the state appellate court's

December 23, 2016 Judgment to the Ohio Supreme Court. (Ex. 17, Notice of Appeal, Case No. 17-0166). Price's memorandum in support of jurisdiction and his supplemental memorandum asserted the following propositions of law, verbatim:

I.     If a defendant asks a trial court for a continuance to secure alternate trial counsel, positing a conflict with current trial counsel, in a cause that is "young" on a docket, and no other party would endure prejudice by the motion, then a trial court must grant the request concordant with U.S. Const. Amend. VI, XIV, and Oh. Const. Art. 1, Sec. 10.

II.     Due Process Considerations direct that if a trial court imposes consecutive sentences on an offender, either generally or under Ohio's Repeat Violent Offender specification, it must make and support the findings prerequisite to such a sentence. To do otherwise contradicts basic principles of notice, fairness and due process at judicial review under U.S. Const. Amend. V, VI, XIV, and Oh. Const. Art. 1, Sec. 10.

(Ex. 18, Memorandum in Support of Jurisdiction). On September 27, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal, pursuant to S.Ct.Prac.R. 7.08(B)(4). (Ex. 19, Entry, Case No. 17-0166). On October 4, 2017, Price filed an application for reconsideration with the Ohio Supreme Court. (Ex. 20). The Ohio Supreme Court denied the motion on December 6, 2017. (Ex. 21).

### 2.     Application to Reopen Appeal

On March 23, 2017, Price, through counsel, filed an application to reopen his direct appeal with the state appellate court pursuant to App. R. 26(B). (Ex. 22). Price claimed his appellate counsel was ineffective by not raising the following assignment of error:

1.     The maximum sentence on manslaughter charge is clearly and convincingly contrary to law.

*Id.* On April 17, 2017, Price moved to supplement his Application to Re-Open to assert that his appellate counsel was ineffective by not raising the following additional assignment of error:

2.     The trial court plainly erred in failing to merge Price's convictions for

> weapons under disability and manslaughter as allied offenses of similar import and/or because the record does not support consecutive sentences on those convictions.

(Ex. 24). On May 4, 2017, the state appellate court denied Price's application for reopening. (Ex. 26, Judgment Entry).

Price, through counsel, filed an appeal of the state appellate court's May 4, 2017 judgment to the Ohio Supreme Court. (Ex. 27, Notice of Appeal, Case No. 17-0810). Price asserted the following propositions of law:

I. Weapons under disability and voluntary manslaughter may merge if a defendant's taking custody of a firearm was exclusive to the manslaughter offense, having no animus of its own.

II. A trial court cannot impose a maximum sentence for an underlying offense relative to an R.C. 2929.14(B)(2)(a) Repeat Violent Offender (RVO) specification when the offense involves evidence of obvious strong provocation and an occasionment [sic] by the victim.

(Ex. 28, Memorandum in Support of Jurisdiction). The Ohio Supreme Court declined to accept jurisdiction on September 13, 2017. (Ex. 29, Entry, 17-0810).

### C. Post-Sentence Motion to Withdraw Guilty Plea

On August 8, 2018, Price, *pro se*, filed a motion to withdraw his guilty plea with the trial court. (Ex. 30). The State opposed the motion. (Ex. 31). On September 18, 2018, the trial court overruled Price's motion. (Ex. 32). Price admits that he did not appeal this ruling. (R. 18, PageID# 870).

### D. Federal Habeas Petition

On December 26, 2018, Price, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting the following grounds for relief:

> **Ground One**: Sixth Amendment right to counsel of choice. A violation of clearly established federal law.

**Ground Two**: Certified conflict between appellate courts in regard to sentence enhancement findings, specifically repeat violent offender findings.

**Ground Three**: The trial court erred when it failed to make requisite finding when imposing consecutive sentences. A violation of clearly established federal law.

**Ground Four**: Sixth Amendment right to trial by jury. Trial judge imposed sentence enhancement without findings being made by jury as required by clearly established federal law.

(R. 1). Respondent filed a return of writ. (R. 7). Thereafter, the court granted Price's August 19, 2019 motion to amend the pleadings. (R. 14 granting R. 12). Accordingly, Price withdrew Ground Four of his original petition and added the following claims:

1. Guilty plea wasn't free[,] knowingly, intelligent and voluntarily d[ue to]: ineffective assistance of counsel, judicial interference, violation of right to counsel of choice.

2. Trial judge imposed sentence enhancement as repeat violent offender without required findings being made. A violation of clearly established federal law according to Blakely.

3. Ineffective assistance of appell[ate] counsel: counsel failed to raise federal constitutional claims: Blakely violation.

(R. 14, PageID# 827, citing R. 12). The court noted that "[g]iven the factual and legal overlap with Petitioner's original grounds for relief, it appears Petitioner may intend these grounds to replace the first three grounds for relief asserted in his original petition. *Compare* Doc. 1 with Doc. 12." (R. 14, PageID# 827, FN 1). Respondent filed a Supplement to the Return of Writ on February 28, 2020, asserting that the amended claims relate to Price's post-sentence motion to withdraw his plea and were not raised on appeal. (R. 17). Therefore, Respondent argues, Price failed to exhaust these claims. (R. 17).

On March 27, 2020, Price filed his "Habeas Writ With Amendments and Traverse

to Respondent['] Return of Writ and Supplement Return of Writ." (R. 18). Therefore, the

following Grounds[3] are currently before the court:

> **Ground One**: Guilty plea wasn't free[,] knowingly, intelligent and voluntarily d[ue to]: ineffective assistance of counsel, judicial interference, violation of right to counsel of choice.

> **Ground Two:** Trial judge imposed sentence enhancement as repeat violent offender without required findings being made. A violation of clearly established federal law. Blakely violation.

> **Ground Three**: Certified conflict between appellate courts in regards to sentence enhancement findings, specifically repeat violent offender findings.

> **Ground Four**: The trial court erred when it failed to make requisite proportionality findings when imposing consecutive sentences. A violation of clearly established federal law.

> **Ground Five:** Ineffective assistance of appell[ate] counsel: counsel failed to raise federal constitutional claims[.]

(R. 18, PageID# 871). Although Price indicates that his three supplemental Grounds for

relief were *in addition* to Grounds One through Three in his original petition, it is

apparent that Price combined his former Ground One[4], asserting a violation of his Sixth

Amendment right to counsel of choice, with Supplemental Ground One. (R. 18, PageID#

850).

## III.    Habeas Corpus Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The

---

[3]  In his Traverse, Petitioner renumbers/rearranged his Grounds for relief. For clarity, the court addresses Price's Grounds for relief as renumbered.
[4]  Former Ground One asserted violation of Price's "Sixth Amendment right to counsel of choice. A violation of clearly established federal law." (R. 1, PageID# 6).

relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal district court, however, may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly

9

established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court

must determine whether the state court's decision constituted an objectively unreasonable

application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts

defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006)

(*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

### A. Exhaustion Standard

State prisoners must exhaust their state remedies before raising claims in federal habeas

proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied "when the highest court

in the state in which the petitioner was convicted has been given a full and fair opportunity to

rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

However, when relief is no longer available in state court, exhaustion can be rendered moot. "If

no remedy exists, and the substance of a claim has not been presented to the state courts, no

exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice

exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001) ("a petitioner cannot

circumvent the exhaustion requirement by failing to comply with state procedural rules.")

(citations omitted).

### B. Procedural Default Standard

Federal courts will not consider the merits of procedurally defaulted claims, unless the

petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure

to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v.*

*Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally

default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[5]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *See, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 125-130 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

---

[5]  In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *accord Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

11

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to determining whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in English v. Berghuis*, 529 Fed. App'x 734, 744-45 (6th Cir. Jul. 10, 2013).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See, e.g., United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner

demonstrates "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell*, 320 F.3d 604, 617 (6th Cir. 2003).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent, in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749-50. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *accord Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007) (Katz, J.)

### C.    Cognizability

To the extent that claims asserted in federal habeas petitions allege state-law violations, they are not cognizable on federal habeas review. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted)).

State-court rulings on issues of state law may, however, "rise to the level of due process violations [if they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir.

2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S. Ct. 2013, 135 L. Ed. 2d 361

(1996)). But they must be "'so egregious that [they] result in a denial of fundamental fairness.'"

*Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Fundamental fairness under the Due Process

Clause is compromised where "the action complained of . . . violates those 'fundamental

conceptions of justice which lie at the base of our civil and political institutions,' . . . and which

define 'the community's sense of fair play and decency.'" *Dowling v. United States*, 493 U.S.

342, 353, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990) (internal citations omitted). The Supreme

Court, therefore, "ha[s] defined the category of infractions that violate 'fundamental fairness'

very narrowly." *Id.* at 352.

### D.      Application

#### 1.      Ground One

In his first ground, Petitioner asserts that his guilty plea was not knowingly, intelligently,

and voluntarily made due to ineffective assistance of counsel, judicial interference, and violation

of his right to counsel of his choice. (R. 18, PageID# 873). Respondent contends that these

claims were "all apparent on the record. Accordingly, they should have been raised on direct

appeal, where he had new counsel. Therefore, they were not properly raised in a post-conviction

action." (R. 17, PageID# 833). The Court agrees that Petitioner's claims in Amended Ground

One are not properly before it, and recommends they be dismissed as unexhausted and not

cognizable, as explained herein.

#### i.      Procedural Default and Exhaustion

The threshold issue before the Court is whether Amended Ground One is procedurally

defaulted or exhausted. A claim is procedurally defaulted if, at the time of the federal habeas

petition, state law no longer allows the petitioner to raise the claim. *Engle*, 456 U.S. at 125-130;

see also *Coleman*, 501 U.S. at 731-32. Exhaustion, however, only refers to whether there are state remedies available at the time of the federal petition. *Engle*, 456 U.S. at 125 n.28.

As referenced above, Price amended the first ground in his Petition. Initially, Petitioner alleged violation of Sixth Amendment right to counsel of choice. (R. 1, PageID# 6). His argument centered on the trial court's denial of his counsel's motion to withdraw. Price asserts that because his counsel was not allowed to withdraw, he was pressured to enter into a plea agreement. (R. 1, PageID# 10). Respondent argued that because he plead guilty, Petitioner could only raise issues in his federal habeas action regarding whether his guilty plea was knowing and voluntary. (R. 7, PageID# 136-37). Petitioner did not raise any issue concerning his guilty plea in his initial Ground One. Rather than file his traverse, however, Petitioner sought to amend his Petition to include the trial court's denial of his post-sentence motion to withdraw his guilty plea. (R. 12, PageID# 568). The Court granted the motion. (R. 14).

Amended Ground One asserts that Petitioner's guilty plea was not knowingly, intelligently, and voluntarily made due to ineffective assistance of counsel, judicial interference, and in violation of his right to counsel of his choice. (R. 14, PageID# 827). Amended Ground One is based on the trial court's denial of Petitioner's August 8, 2018 motion to withdraw his guilty plea. (R. 12, PageID# 567-68; R. 17, PageID# 833; R. 18 PageID# 952). Respondent contends in his supplemental return of writ that:

> "Price plainly procedurally defaulted his post-conviction claims by failing to pursue them by appealing the trial court's entry denying the claims. There is no delayed appeal permitted for post-conviction actions in Ohio. *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). Because Price did not file a timely appeal of his post-conviction action, all claims therein are waived. *Engle*, 456 U.S. at 107."

(R. 17, PageID# 836).

Respondent's argument rests on the premise that Petitioner's post-sentence motion to

withdraw his guilty plea was in effect a petition for post-conviction relief. Ohio law does not allow for delayed appeals from a denial of a petition for post-conviction relief. *State v. Nichols*, 11 Ohio St. 3d at 43. However, Ohio law makes clear that a post-sentence motion to withdraw a plea is not a motion for post-conviction relief. *State v. Bush*, 96 Ohio St. 3d 235, 239, 2002-Ohio-3993. Under Ohio Criminal Rule 32.1, a defendant may move post-sentence to withdraw a guilty plea "'to correct a manifest injustice[.]'" *State v. Clark*, 2d Dist. Darke No. 2021-CA-1, 2021-Ohio-2531, at ¶14 (concluding that trial court erred in converting post-sentence motion to withdraw guilty plea into a post-conviction relief petition). Petitioner could have timely appealed the trial court's order under Ohio Appellate Rule 4(A) or moved for leave to file a delay appeal under Ohio Appellate Rule 5(A). *State v. Bennett*, 9th Dist. No. 26241, 2012-Ohio-3664, ¶15 (noting that denial of a post-sentence motion to withdraw a guilty plea is a final appealable order and that Ohio Appellate Rules 4(A) and (5A) apply).

The parties agree that Petitioner did not timely appeal the trial court's denial of his post-sentence motion to withdraw his guilty plea. (R. 12, PageID# 567, R. 7, PageID# 134). There is no indication, however, that Petitioner moved for leave to file a delayed appeal pursuant to App.R. 5(A). Arguably, Petitioner still has an available state remedy for this claim. *Engle*, 456 U.S. at 125 n.28. Consequently, Petitioner's failure to timely appeal does not result in procedural default, but rather in a failure to exhaust.

### ii.    State Law

The trial court based its ruling on the enforcement of a state procedural bar; and, Petitioner's Amended Ground One concerns an alleged state law violation that is not cognizable upon federal habeas review and it should be dismissed.

On August 8, 2018, Plaintiff moved to withdraw his guilty plea pursuant to Ohio Crim.

R. 32.1, asserting that his plea was not knowing and voluntary due to alleged trial court intimidation and ineffective assistance of counsel. (Ex. 30). Petitioner acknowledged that "the issues presented in the [direct] appeals were substantially different from the issues presented in the present motion[.]" (Ex. 30, p. 11). The State asserted that Petitioner failed to raise the issues of trial court intimidation and ineffective assistance of counsel regarding his plea on direct appeal and therefore these claims were barred under the Ohio doctrine of *res judicata*. (Ex. 31, PageID# 473). The trial court agreed with the State, explaining that upon review of the filings and applicable law the Petitioner's motion to withdraw was overruled. (Ex. 32).

> Under Ohio's doctrine of *res judicata*:
>
> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (*State v. Perry* [1967], 10 Ohio St. 2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, approved and followed; *State v. Westfall* [1995], 71 Ohio St.3d 565, 645 N.E.2d 730, dispproved.)

*State v. Szefcyk*, 77 Ohio St. 3d 93, 93 (1996). Ohio courts have applied the doctrine to bar a criminal defendant from raising any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Reed*, Mahoning App. No. 04 MA 236, 2005-Ohio-2925, 2005 WL 318690 (Ohio Ct. App. 2005) (collecting cases).

Petitioner's Amended Petition reasserts the same arguments that the trial court concluded were barred by *res judicata.* It does not present a challenge to the trial court's denial of his motion to withdraw due to *res judicata*, let alone establish that the ruling rose to the level of a federal due process violation. Petitioner fails to demonstrate that the issues asserted in Amended Ground One, stemming from his motion to withdraw his guilty plea, are properly before this Court.

Therefore, Amended Ground One should be dismissed as unexhausted and not cognizable.

### 2. Ground Two, Three and Four

In his second, third, and fourth grounds in the Amended Petition, Petitioner contends that the trial court erred when it imposed sentence enhancements as a repeat violent offender (RVO) without making the required findings, (R. 18, PageID# 916), that the Ohio Supreme Court erred when it denied his motion for reconsideration citing a certified conflict between state appellate court rulings regarding the required findings when sentencing an offender as an RVO, (R. 18, PageID# 931), and that the trial court failed to make proportionality findings when it imposed consecutive sentences (R. 18, PageID# 932).

On direct appeal, Petitioner asserted that the trial court erred under Ohio law by 1) failing to make required proportionality findings and, 2) failing to make the necessary findings before imposing a sentence on the RVO. (Ex. 13, PageID# 191, 193). These arguments were based on and supported by citations to Ohio law only. (*Id*).

The state appellate court overruled Petitioner's arguments regarding his sentencing, concluding that the trial court made the required proportionality findings to impose consecutive sentences (Ex. 16, ¶32), and that the trial court was not required to make findings before sentencing on the RVO. (Ex. 16, ¶41). The state appellate court based its rulings on Ohio law. (*Id*.).

A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas action. The U.S. Supreme Court has ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009); *Adams v.*

*Kelly*, No. 4:09CV137, 2009 U.S. Dist. LEXIS 116726, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); *Shie v. Smith*, No. 1:08CV194, 2009 U.S. Dist. LEXIS 16431, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009). Moreover, federal habeas relief is not available for a claimed error of state law. *Lewis*, 497 U.S. at 780.

In addition, to the extent Petitioner attempts to assert a federal challenge regarding sentencing on the RVO, his arguments are procedurally defaulted. Petitioner asserts in relevant part that:

> [T]he trial court, Appellant (sic) court and the Ohio Supreme Court are in violation of clearly establish law established by the United States Supreme Court. According to *Blakel*y, if a sentence enhancement statute relies on factors other than the prior conviction exemption, the defendant, when pleading guilty, must consent to, stipulate to, or allow judicial finding of fact by the judge. If not, the findings must be made by a jury. If not, it is a clear violation of the sixth amendment right to a jury trial, a sixth amendment constitutional violation according to Blakely.

(R. 18, PageID# 918). As noted above, Petitioner based his sentencing claims and arguments on Ohio law. But Petitioner did not challenge the constitutionality of Ohio's RVO statute, O.R.C. § 2929.14(B)(2)(a), or otherwise argue that the trial court impermissibly made findings that required a jury. Instead, Petitioner argued that "[t]he fact that no findings were made by the trial court in the case at bar with regard to the Repeat Violent Offender specification leads to the inescapable conclusion that the record does not support the enhanced sentence." (R. 7-1, PageID# 194). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Cullen v. Pinholster*, 563 U.S. 170, 186 (quoting *Williams v. Taylor*, 529 U.S. 420, 437, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000)); *Zimmerman v. Booker*, 517 Fed. Appx 333, 338 (6th Cir. 2013); *see generally Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (claims must be presented to state courts under same theory later presented in habeas).

19

The petition should not be granted on the basis of the second, third, or fourth grounds.

### 3.    Ground Five

In his fifth ground for relief, Petitioner asserts ineffective assistance of counsel. (R. 18, PageID# 947). Petitioner contends that his trial and various appellate counsel failed to raise federal constitutional violations "as to hinder his ability to advance his cause into federal court." (R. 18, Page# 947). To the extent that he reargues the claim that his trial counsel was ineffective regarding his guilty plea, the state appellate court, as noted above, determined this claim was barred by the Ohio Doctrine of *res judicata*. See, S*zefcyk*, 77 Ohio St. 3d at 93. As such, this state law claim is not cognizable in this court upon federal habeas review.

Regarding his direct appeal, Petitioner was represented by two appellate attorneys, one appointed and one eventually retained. (Ex. 8, 11). Petitioner argues that both of his appellate counsel were ineffective for failing to raise issues regarding the constitutionality of the RVO and proportionality findings pursuant to *Blakely*. (R. 18, PageID# 949). Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. *Monzo v Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Although Petitioner did file an application to reopen pursuant to Rule 26(B), as set forth above, he did not raise these specific issues.

The Sixth Circuit has held that proper exhaustion of a claim requires presenting the claim in state court under the same theory in which it is later presented in federal court. See *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (holding that "the exhaustion doctrine requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review"). Petitioner concedes that he did not raise these issues in his Rule

26(B) motion when he asserts that the attorney he retained to file the Rule 26(B) motion was ineffective for failing to raise these specific federal constitutional claims. (R. 18, PageID#950). As he is no longer permitted to raise these theories—successive reopening applications are not permitted under Ohio law—they are unexhausted and defaulted. *See O'Sullivan*, 526 U.S. at 845; *State v. Williams*, 99 Ohio St.3d 179, 181, 2003-Ohio-3079, 790 N.E.2d 299 (Ohio 2003) ("[T]here is no right to file successive applications for reopening . . . .").

To the extent Petitioner asserts the attorney he retained to file the Rule 26(B) motion rendered ineffective legal assistance, the Sixth Circuit has repeatedly held that a Rule 26(B) proceeding is a separate collateral proceeding from the original direct appeal; and, therefore, petitioners have no constitutional right to assistance of counsel in such proceedings. *See, e.g.*, *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005). Thus, appellate counsel's conduct in connection with a Rule 26(B) application cannot establish ineffective assistance of counsel or cause to overcome a procedural default. *See, e.g.*, *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (appellate counsel's failure to appeal denial of Rule 26(B) application to Ohio Supreme Court not sufficient cause); *Scuba v. Brigano*, 527 F.3d 479, 489 (6th Cir. 2007) (appellate counsel's failure to file a timely Rule 26(B) application on petitioner's behalf not sufficient cause).

Thus, Petitioner's Fifth Ground should be dismissed.

**IV.    Conclusion**

For the foregoing reasons, it is recommended that Price's Petition be DENIED in its

entirety.

s/ David A. Ruiz
United States Magistrate Judge

Date: January 5, 2022

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of
this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within
the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v.
Beauvais,* 928 F.3d 520, 530-31 (6th Cir. 2019).**