IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EARL A. PRICE,** | CASE NO. 4:18 CV 2966 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JEFF NOBLE, WARDEN,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Earl A. Price, Jr. ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge David A. Ruiz[1] for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On January 5, 2022, Judge Ruiz issued an R&R recommending the Petition be denied in its entirety. (Doc. 19). Petitioner filed objections to the R&R. (Doc. 22). He also filed a Motion to Request Stay and Abeyance (Doc. 21), and subsequently a Motion Requesting this Court Dismiss Request for Stay and Abeyance (Doc. 23).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ADOPTS the R&R as supplemented herein, and DENIES Petitioner's habeas Petition.[2]

---

1. Between the time Judge Ruiz issued his Report and Recommendation and the present, Judge Ruiz has been confirmed and invested as a district judge in this District.
2. As further set forth herein, the Court GRANTS Petitioner's motion requesting the Court dismiss his earlier motion (Doc. 21) for stay and abeyance. (Doc. 23).

## BACKGROUND

This habeas case, filed December 18, 2018, stems from Petitioner's conviction on a guilty plea in the Mahoning County, Ohio Court of Common Pleas for voluntary manslaughter (with firearm and repeat violent offender specifications), and having weapons while under disability. *State v. Price*, 2016 WL 7626245, at ¶¶ 5-6 (Ohio Ct. App.). The trial court sentenced Petitioner to a total of twenty years in prison (eleven years for involuntary manslaughter, three years for each specification, and three years for having weapons while under disability). *Id.* at ¶ 6.

Petitioner originally raised four grounds for relief in his Petition. *See* Doc. 1. Thereafter, Petitioner amended his petition to withdraw one ground, and add three additional grounds. *See* Doc. 12; *see also* Doc. 14 (granting leave to amend). In his Traverse, Petitioner renumbered his grounds for relief as follows:

> **Ground One:** Guilty plea wasn't free[,] knowingly, intelligent and voluntarily d[ue] to: ineffective assistance of counsel, judicial interference, violation of right to counsel of choice.
>
> **Ground Two:** Trial judge imposed sentence enhancement as repeat violent offender without required findings being made. A violation of clearly established federal law. Blakely violation.
>
> **Ground Three:** Certified conflict between appellate courts in regards to sentence enhancement findings, specifically repeat violent offender findings.
>
> **Ground Four:** The trial court erred when it failed to make requisite proportionality findings when imposing consecutive sentences. A violation of clearly established federal law.
>
> **Ground Five:** Ineffective assistance of appell[ate] counsel: counsel failed to raise federal constitutional claims.

(Doc. 18, at 22); (Doc. 22, at 16-17).

In his R&R, Judge Ruiz recommends the Court find Ground One unexhausted and non-cognizable; Grounds Two, Three and Four non-cognizable and procedurally defaulted; and Ground Five procedurally defaulted. *See* Doc. 19.

### STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment*

3

*Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 22). Below, the Court addresses Petitioner's specific objections.

Ground One

In Ground One, Petitioner presented a challenge to the knowing, voluntary, and intelligent nature of his guilty plea due to alleged trial court intimidation and ineffective assistance of trial counsel. As the R&R pointed out, this claim was unexhausted, as it was first raised in Petitioner's Motion to Withdraw Guilty Plea, and not appealed. *See* Doc. 19, at 15-16. The R&R noted the claim was not procedurally defaulted, however, because there was no indication Petitioner had moved for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A). *Id.* at 16. The R&R, however, found further that Petitioner had not demonstrated his claims were cognizable. *Id.* at 17.

After the R&R was filed, Petitioner moved this Court to stay and abey consideration of his petition while he returned to state court to exhaust this claim. (Doc. 21). He subsequently filed his objections, which – as to Ground One – center around the characterization of his Motion to Withdraw, and the fact that he did not timely receive a copy of the trial court's order thereon to file an appeal. (Doc. 22, at 20-41). He further asserts *res judicata* is not appropriately applied to issues raised in a motion to withdraw a guilty plea under Ohio law. *Id.* at 30-32.

First, contrary to Petitioner's assertion, the R&R correctly concludes that issues raised in a post-appeal motion to withdraw a guilty plea may be barred by *res judicata* if they could have been raised earlier. *See, e.g., State v. McDonald*, 2004 WL 2694945, at ¶ 22 (Ohio Ct. App.) ("[r]es

4

judicata bars claims raised in a Crim. R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding").

Second and more importantly, the Court finds events subsequent to the R&R make clear Petitioner has now procedurally defaulted any claim related to the issues raised in the Motion to Withdraw. The state court docket reveals Petitioner sought to file a delayed appeal with the Eleventh District Court of Appeals on April 25, 2022, and on May 11, 2022, the court granted his motion. *See State v. Price*, 22 MA 00038 (Ohio Ct. App.). The state court docket also reflects that on May 20, 2022, Petitioner sought to voluntarily dismiss that appeal, and on June 14, 2022, the appellate court granted his request and dismissed the appeal. At the same time, in the present case, Petitioner requested the Court dismiss his prior request for stay and abeyance. (Doc. 23). That request is now granted.

Given the above, and Petitioner's abandonment of an appeal regarding the issues presented in Ground One, it is now clear that Ground One is procedurally defaulted. As Petitioner voluntarily dismissed his attempted appeal of the trial court's ruling on his Motion to Withdraw, he cannot show cause and prejudice to overcome the default. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (("'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him [;]. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule."). For this reason, Ground One is denied as procedurally defaulted.

Grounds Two, Three, and Four

Petitioner next objects to the R&R's conclusion that Grounds Two through Four are procedurally defaulted and not cognizable on habeas review. He contends the R&R incorrectly concluded that he did not fairly present his claims as federal constitutional claims to the state

5

appellate court. (Doc. 22, at 44-61). He points to what he alleges is the ineffective assistance of appellate counsel, and that he did ultimately raise the issues presented as arising under federal law when they were presented to the Ohio Supreme Court. *Id.* at 45.

Upon *de novo* review, the Court agrees with the analysis provided in the R&R. In his direct appeal, Petitioner – through counsel – presented the arguments now contained in Grounds Two and Four – regarding the repeat violent offender and consecutive sentencing findings – *solely* as a matter of Ohio law. *See* Ex. 13, Doc. 7-1, at 46-50. He thus did not fairly present these claims to all levels of the state courts as *federal* claims in that he did not: "(1) rel[y] upon federal cases employing constitutional analysis; (2) rel[y] upon state cases employing federal constitutional analysis; (3) phras[e] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[e] facts well within the mainstream of constitutional law." *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Although Petitioner correctly notes that he did raise these issues a federal constitutional issues to the Ohio Supreme Court, fair presentation and exhaustion requires them to be presented at the first opportunity – here, to the Ohio Appellate Court. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (it is well-established that the Ohio Supreme Court will "not consider constitutional claims not raised and preserved in the Ohio Court of Appeals"); *see also Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982) (citing *State v. Phillips*, 27 Ohio St. 2d 294 (1971)).

And, Ground Three – that there was a conflict among the appellate courts regarding the state court requirements related to the repeat violent offender specifications – is also purely a question of state sentencing law and not cognizable on habeas review. *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue a writ of habeas corpus on the basis of a perceived

6

error of state law."); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Thus, the Court finds that Grounds Two through Four – to the extent they present only issues of state law – are non-cognizable in this federal habeas case, and – to the extent they present issues of federal law – are procedurally defaulted.

As cause to overcome this procedural default, Petitioner appears to assert the ineffective assistance of appellate counsel in failing to raise these issues as constitutional claims. For an ineffective assistance of counsel claim to serve as cause, however, it must itself be exhausted and not defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (procedurally defaulted claim of ineffective assistance of appellate counsel cannot serve as "cause" for "cause and prejudice" to excuse a procedural default). As discussed below in conjunction with Ground Five, Petitioner's claim of ineffective assistance of appellate counsel – on this factual basis – is itself procedurally defaulted and thus may not serve as cause. Because "a federal court may not review federal claims that were procedurally defaulted in state courts", *Theriot v. Vashaw*, 982 F.3d 999, 1003 (6th Cir. 2020) (citation and quotation omitted), Petitioner's objections regarding Grounds Two through Four are overruled.

Ground Five

In Ground Five, Petitioner asserts counsel at various stages of his state court proceedings rendered ineffective assistance. The R&R recommends the Court dismiss this ground. First, it asserts that, as explained in relation to Ground One, any claim that trial counsel was ineffective is barred by *res judicata* and procedurally defaulted. Second, it recommends that any claim appellate counsel was ineffective for failing to raise federal issues regarding the repeat violent offender specifications and proportionality be found procedurally defaulted because Petitioner did not

exhaust such a factual claim in the context of his Ohio Appellate Rule 26(B) motion. Third and finally, the R&R recommends the Court dismiss any claim asserting the ineffectiveness of Petitioner's Appellate Rule 26(B) counsel because Petitioner had no constitutional right to the assistance of counsel in such proceedings.

In his objections – which to a large degree repeat the arguments made to the Magistrate Judge – Petitioner again asserts his first and second appellate attorneys were ineffective for failing to raise his federal claims regarding the repeat violent offender specifications; and although his Ohio Appellate Rule 26(B) counsel "preserved [P]etitioner['s] 'meat and potato' issues for federal review, his initial grounds [in the motion] didn't cut the mustard." (Doc. 22, at 65).

Taking these objections in reverse order, the Court finds no error on *de novo* review. First, the R&R is correct that there is no constitutional right to counsel in a collateral Rule 26(B) proceeding, and therefore there can be no ineffective assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (constitutional right to counsel does not extend to collateral proceedings); *McClain v. Kelly*, 631 F. App'x 422, 436-37 (6th Cir. 2015) (holding that appellate counsel's failure to inform a petitioner of the time limitation to file a Rule 26(B) application cannot serve as cause to excuse a procedural default because there is no right to counsel at that stage).

Second, Petitioner claims his appellate counsel was ineffective for failing to raise his claims regarding the repeat violent offender specification and consecutive sentences as *federal* constitutional claims. But he did not present this claim in his Rule 26(B) application. Rather, there, he only raised two claims – that appellate counsel should have argued: (1) Petitioner's maximum sentence on the manslaughter charge was contrary to law; and (2) Petitioner's manslaughter and

8

weapons under disability charges should have merged for sentencing purposes. *See* Ex. 26, Doc. 7-1, at 185-88). Thus, he did not present the same factual basis to the state courts. That is, although Petitioner did exhaust a claim for ineffective assistance of appellate counsel, he did not exhaust the same claim of ineffective assistance of counsel that he attempts to bring now. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (holding that "[p]etitioner's second ineffective assistance claim [raised in her habeas petition] rests on a theory which is separate and distinct from the one previously considered and rejected in state court" and therefore was procedurally defaulted

This claim is thus unexhausted and, as accurately set forth in the R&R, procedurally defaulted because there remains no avenue under state law for Petitioner to bring such a claim. As such, Petitioner's objections to the R&R as they relate to Ground Five are also overruled.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Ruiz's R&R (Doc. 19) be, and the same hereby is, ADOPTED as the Order of this Court as supplemented herein, and the Petition (Doc. 1), as amended (Docs. 12, 14) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE